Sara **VARANAND**, Plaintiff—Appellant,

v.

**STATE FARM INSURANCE COMPANY, a corporation,** Defendant—Appellee.

No. 03–56636.

D.C. No. CV–00–00365–EFS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2005.

Decided April 11, 2005.

Affirmed.

Leo E. Lundberg, Jr., Pasadena, CA, for Plaintiff—Appellant.

Surjit P. Soni, Pasadena, CA, and James Raymond Robie, Robie & Matthai, Los Angeles, CA, for Defendant—Appellee.

Before T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM *

Sara Varanand appeals from the district court's judgment and denial of her motion for a new trial following a jury verdict in favor of State Farm. She objects to the district court's evidentiary and discovery rulings, and argues that the jury's verdict was not supported by substantial evidence. We affirm the district court in all respects.

We reject Varanand's challenges to the district court's evidentiary rulings. The district court did not err in excluding evidence of communications between State Farm and Mokshinder Singh Vahali. Singh was not State Farm's insured and, under the California Insurance Regulations, he was not authorized to represent Varanand because he was not her family member, adjuster, attorney, or representative "by operation of law." *See* 10 CAL. ADMIN. CODE §§ 2695.2, 2695.5; *Miller v. San Francisco Newspaper Agency,* 164 Cal.App.3d 315, 317, 210 Cal.Rptr. 159 (1985) (phrase "by operation of law" refers to an involuntary assignment of rights). Moreover, Singh lacked written authorization to represent Varanand, as Cal Ins. Reg. § 2695.5 requires.

The district court also did not err in excluding the Market Conduct Examination, the Patterson deposition, or the testimony of Ina Mae De Long. The district court properly found that the first two items were tangential at best to Varanand's case. *See Humetrix, Inc. v. Gemplus S.C.A.,* 268 F.3d 910, 919 (9th Cir. 2001) ("District courts, in their capacity as evidentiary gatekeepers, have broad discretion in deciding what evidence is relevant, reliable, and helpful to the trier of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

fact."). The court also properly concluded that the De Long testimony, which Varanand sought to introduce after closing her case, should be excluded based on the potential for surprise and prejudice to State Farm. *See Price v. Seydel,* 961 F.2d 1470, 1474 (9th Cir.1992) (listing factors court should consider in deciding whether to allow an undisclosed witness to testify).

We hold that the district court also did not err in admitting the results of soils testing by State Farm's expert. *See Humetrix, Inc. v. Gemplus S.C.A.,* 268 F.3d 910, 919 (9th Cir.2001) (where opposing party believes expert testimony is incorrect, its "recourse is not exclusion of the testimony, but, rather, refutation of it by cross-examination and by the testimony of its own expert witnesses.") The policy excluded "Earth Movement (other than earthquake and volcanic eruption), meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to landslide, mudflow, sinkhole, subsidence and erosion." The evidence from the soil testing was directly relevant to State Farm's argument that the damage to the home was the result of "earth movement" other than an earthquake. Nor did the district court abuse its discretion in granting in part State Farm's request for a protective order, given that the materials Varanand sought were largely privileged, would be burdensome to produce, and were not clearly relevant to her claim.

The district court did not abuse its discretion in rejecting two of Varanand's requested jury instructions and her proposed verdict form. The verdict form Varanand requested was ambiguous and overly complex. Similarly, Varanand's proposed instruction on the duty of good faith and fair dealing was simply a wordier version of the instruction the court actually gave. Varanand's other proposed instruc-

tion erroneously implied that State Farm had an obligation to investigate claims made by Singh. Because Singh was not State Farm's insured, it had no such obligation.

Finally, we find that the jury verdict was supported by substantial evidence. The jury heard two weeks of testimony, including the testimony of several experts that State Farm adequately compensated Varanand and indeed may have overpaid her. Even the geotechnical engineer hired by Singh, Randall Wendt, stated in his report that the damage was not caused by an earthquake, but instead "appears to be the result of fill consolidation, lateral creep of fill soils on the edges of the building pad, or a combination of fill consolidation and lateral creep." Such damage is excluded under the policy.

For similar reasons, the district court was correct to deny Varanand's motion for a new trial. The trial court should only grant a new trial when it has "a firm conviction that the jury has made a mistake," *Landes Construction Co. v. Royal Bank of Canada,* 833 F.2d 1365, 1371 (9th Cir.1987). In this case, there is no basis in the record for concluding that the jury did not consider the evidence fully and fairly.

We also hold that costs were properly awarded to State Farm. The district court considered Varanand's objections to specific cost items in detail, and most of the costs to which Varanand objects on appeal have already been stricken from the award.

AFFIRMED